BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  *cbrancart@brancart.com*
  Liza Cristol-Deman (SBN 190516)
  *lcristoldeman@brancart.com*
P.O. Box 686
Pescadero, CA  94060
Tel:  (650) 879-0141
Fax:  (650) 879-1103

MILLS COMMUNITY LAW CLINIC
STANFORD LAW SCHOOL
  Juliet Brodie (SBN 248989)
  *jmbrodie@law.stanford.edu*
2117 University Ave., Suite A
East Palo Alto, CA 94303
Tel:  (650) 725-9200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PROJECT SENTINEL, a California not for profit corporation; FERNANDO TERAN; MARIA GUADALUPE MORENO; MARIA CARDENAS; MARIA DIAZ; MARVIN RIVERA; DONACIANO DIAZ; and MARITZA SOTO,**<br>        Plaintiffs,<br><br>    vs.<br><br>**D & C SECOND LIMITED PARTNERSHIP; D & C LEE MANAGEMENT, LLC; DANIEL LEE; and CHRISTINA LEE,**<br><br>        Defendants. | Case No.<br><br>**COMPLAINT; DEMAND FOR TRIAL BY JURY** |

## I. INTRODUCTION

1.    This action seeks monetary, declaratory, and injunctive relief against defendants, the owners, managers, and operators of the Willow Apartments—an apartment complex located at 46 Willow Street in Redwood City, California—for discriminating against plaintiffs and other Latinos on the basis of national origin in violation of the federal Fair Housing Act, 42 U.S.C. §

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

1

3601 et seq. and related state laws.

## II. JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and determine plaintiffs' state claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. § 1391 and Local Rule 3-2 in that the claims alleged herein arose within Redwood City, in San Mateo County, California.

## III. PARTIES

**Cardenas Family**

4. Plaintiffs Maria Cardenas ("Ms. Cardenas") and Marvin Rivera ("Mr. Rivera") are a married couple. They are tenants of 46 Willow Street ("the Willow Apartments"), apartment number 2, in Redwood City, California. They have lived there since 2005. Ms. Cardenas and Mr. Rivera identify as Hispanic/Latino and are of Mexican descent.

5. Plaintiff Donaciano Diaz ("Mr. Diaz") is the adult son of Ms. Cardenas and Mr. Rivera. At all times relevant herein, Mr. Diaz resided with his mother and father in apartment number 2 at the Willow Apartments. Mr. Diaz identifies as Hispanic/Latino and is of Mexican descent.

6. Plaintiff Maritza Soto is married to plaintiff Donaciano Diaz. At all times relevant herein, Ms. Soto has lived with her husband and his parents in apartment number 2 at the Willow Apartments. Ms. Soto identifies as Hispanic/Latino and is of Mexican descent.

7. Plaintiff Maria Diaz is the daughter of Maria Cardenas. Ms. Diaz is a high school student. At all times relevant herein, Ms. Diaz has lived with her family in apartment number 2 at the Willow Apartments. Ms. Diaz identifies as Hispanic/Latino and is of Mexican descent.

//

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

**Teran Family**

8. Plaintiffs Maria Guadalupe Moreno ("Ms. Moreno") and Fernando Teran ("Mr. Teran") are a married couple. They are tenants in apartment number 12 of the Willow Apartments in Redwood City, California. They have lived there since 2005. Ms. Moreno and Mr. Teran identify as Hispanic/Latino and are of Mexican descent.

**Project Sentinel**

9. Plaintiff Project Sentinel is a non-profit organization with a mission of fostering diversity and equal opportunity in housing through education and enforcement of state and federal fair housing laws. It has offices in numerous locations in Northern California and is headquartered in Santa Clara, California. One of its specific purposes and goals is the elimination of all forms of illegal housing discrimination. To this end, Project Sentinel's activities include, but are not limited to: (1) investigating allegations of discrimination; (2) counseling complainants about their fair housing rights and responsibilities; (3) taking such steps as it deems necessary to assure such equal opportunity and to counteract and eliminate discriminatory housing practices; and, (4) providing outreach and education to the community regarding fair housing.

**Defendants**

10. D & C Second Limited Partnership ("the D&C Partnership") is the owner of the Willow Apartments. The business address of the D&C Partnership is 59 Midvale Drive, Daly City, CA 94015. On information and belief, defendants Daniel Lee and Christina Lee, a married couple, are the sole partners of the Partnership.

11. Since at least 2003, Daniel and Christina Lee, the D&C Partnership, or a similarly-named business entity, have owned the Willow Apartments.

12. D & C Lee Management, LLC ("Lee Management") is the management company that manages the Willow Apartments. The business address of Lee Management is 345 Gellert Blvd., Unit D, Daly City, CA 94015. On information and belief, Daniel Lee and Christina Lee are the sole members of the LLC.

13. On information and belief, Daniel Lee ("Mr. Lee") is a member of Lee

COMPLAINT; DEMAND FOR TRIAL BY JURY

Management and a general partner of the D&C Partnership. Daniel Lee also has been closely involved with the management and operation of the Willow Apartments and other rental dwellings owned and managed by the D&C Lee business entities. Daniel Lee has frequently visited the Willow Apartments and communicated with tenants to collect rent, serve tenants with notices, conduct inspections, and engage in other activities related to the operation and management of the rental dwellings.

14. On information and belief, Christina Lee is also a member of the LLC and a general partner of the Partnership. Christina Lee also has been closely involved with the management and operation of the Willow Apartments and other rental dwellings owned and managed by the D&C Lee business entities. Christina Lee has frequently visited the Willow Apartments and communicated with tenants to collect rent, serve tenants with notices, conduct inspections, and engage in other activities related to the operation and management of the rental dwellings.

15. D&C Lee Management is an alter ego of Daniel Lee, or Christina Lee, or both, because:

    a. There is such a unity of interest and ownership that the separate personalities of Lee Management and Daniel Lee and Christina Lee no longer exist; and

    b. If the acts complained of herein are treated as those of only Lee Management, an inequitable result will follow.

16. Daniel Lee and Christina Lee each participate in the control of the D & C Partnership.

17. During the commission of the unlawful practices alleged in this action, each defendant was an "owner" of the Willow Apartments, a definition covering owners, operators, managers and their agents, pursuant to Government Code sections 12927 and 12955.

18. Each and every Defendant is and was, in doing the things complained of herein, the agent of its co-Defendants herein and was acting within the scope of said agency and/or representation, and each and every Defendant herein is jointly and severally responsible and liable to plaintiffs for the damages hereinafter alleged.

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

4

19. In committing each of the discriminatory or unlawful acts alleged in this complaint, defendant Daniel Lee was acting in the course and scope of his duties operating and maintaining the Willow Apartments.

### IV. LEGAL FRAMEWORK
### A. FEDERAL LAW

20. The Fair Housing Act, 42 U.S.C. § 3604(b), provides that it is unlawful to discriminate against any person "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." This provision of the Fair Housing Act makes it unlawful to create or maintain a hostile living environment based on national origin.

21. Plaintiffs allege that defendants have violated 42 U.S.C. § 3604(b) by discriminating against tenants in the provision of services or facilities in connection with the rental of dwellings because of tenants' national origin, including but not limited to creating and maintaining a hostile environment.

22. The Fair Housing Act, 42 U.S.C. § 3604(c), prohibits a landlord from making, or causing to be made, any statement "with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination."

23. Plaintiffs allege that defendants have violated 42 U.S.C. § 3604(c) by making statements with respect to the rental of dwellings that indicate a preference, limitation or discrimination based on tenants' national origin, or an intention to make such a preference, limitation, or discrimination.

24. The Fair Housing Act, 42 U.S.C. § 3617, prohibits a landlord from coercing, intimidating, threatening, or interfering "with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

1   25.   Plaintiffs allege that defendants have violated 42 U.S.C. § 3617 by coercing, intimidating, threatening, or interfering with tenants "in the exercise or enjoyment of, or on account of [their] having exercised or enjoyed, . . . any right granted or protected by section 3603, 3604, 3605, or 3606 of this title."

26.   The apartments offered for rent at the Willow Apartments constitute dwellings within the meaning of the federal Fair Housing Act, 42 U.S.C. § 3602(b), and "housing accommodations" within the meaning of the California Fair Employment and Housing Act (FEHA), Government Code § 12927(d).

### B.   UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT REGULATIONS

27.   The United States Department of Housing and Urban Development ("HUD") is charged with implementing rules and regulations governing the enforcement of the Fair Housing Act. Those rules and regulations are published in Title 24 of the Code of Federal Regulations.

28.   24 C.F.R. § 100.65(b)(2) prohibits "[f]ailing or delaying maintenance or repairs of sale or rental dwellings because of race, color, religion, sex, handicap, familial status, or national origin." Plaintiffs allege that defendants violated 24 C.F.R. 100.65(b)(2) by failing or delaying maintenance or repairs of rental dwellings because of tenants' national origin.

29.   24 C.F.R § 100.75(c)(2) prohibits "[e]xpressing to agents, brokers, employees, prospective sellers or renters or any other persons a preference for or limitation on any purchaser or renter because of race, color, religion, sex, handicap, familial status, or national origin of such persons." Plaintiffs allege that defendants violated 24 CFR 100.75(c)(2) by expressing to agents, employees, or other persons a limitation on renters because of their national origin.

30.   24 C.F.R. § 100.400(c) prohibits "[i]ntimidating or threatening any person because that person is engaging in activities designed to make other persons aware of, or encouraging such other persons to exercise, rights granted or protected by this part.

### C.   STATE ANTI-DISCRIMINATION LAW

31.   The California Fair Employment and Housing Act, Cal. Govt. Code § 12955(a), (d) and (f), and § 12955.7, makes it unlawful for a landlord to "discriminate against or harass any

COMPLAINT; DEMAND FOR TRIAL BY JURY

**6**

person because of the race, color . . . national origin, [or] ancestry. . . of that person;" prohibits landlords from retaliating against a tenant who has complained about discriminatory treatment and from interfering with any person in the exercise of, or on account of that person's exercise of, any right granted or protected by Cal. Govt. Code § 12955.

32. Plaintiffs allege that defendants have violated the California Fair Employment and Housing Act, Cal. Govt. Code § 12955(a), (d) and (f), and § 12955.7 by discriminating against and harassing tenants because of their national origin, by retaliating against tenants who have complained about discriminatory treatment, and interfering with tenants' exercise of, or on account of tenants' exercise of, rights protected by Cal. Govt. Code § 12955.

33. California Unruh Civil Rights Act, Cal. Civ. Code § 51(a), provides that "[a]ll persons within the jurisdiction of this state are free and equal, no matter what their sex, race, color, religion, ancestry, [or], national origin . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

34. Plaintiffs allege that defendants have violated the California Unruh Civil Rights Act, Cal. Civ. Code § 51(a) by denying plaintiffs full and equal accommodation, advantages, facilities, privileges, or services at the Willow Apartments because of plaintiffs' national origin.

## V. STATEMENT OF FACTS

### A. INTRODUCTION

35. Plaintiffs are residents of the Willow Apartments, a 21–unit apartment complex located at 46 Willow Street, Redwood City, California. All or almost all of the residents of the Willow Apartments identify as Hispanic/Latino. Plaintiffs allege on information and belief that the majority of residents of the Willow Apartments are of Mexican descent.

36. Defendants, acting individually or in concert, directly or through agents, have engaged in a pattern or practice of discrimination against persons of Mexican descent and/or those who identify as Hispanic/Latino, including the plaintiffs, in the operation of the Willow Apartments.

37. Defendants' pattern or practice of discrimination includes, but is not limited to:

COMPLAINT; DEMAND FOR TRIAL BY JURY

1   38.     Violating section 42 U.S.C. § 3604(b) by discriminating against any person in the
2   provision of services or facilities in connection with the rental of the dwelling because of
3   national origin. This includes, but is not limited to, creating and maintaining a hostile
4   environment at the Willow Apartments based on plaintiffs' national origin.
5   39.     Violating 42 U.S.C. § 3604(c) by making statements with respect to the rental of a
6   dwelling indicating preference, limitation, or discrimination, based on national origin or an
7   intention to make any such preference, limitation, or discrimination.
8   40.     Violating 42 U.S.C. § 3617 by intimidating, threatening, or interfering with
9   people in the exercise of rights protected by sections 3603 to 3606.

### B. THE TENANCY OF THE CARDENAS HOUSEHOLD

11  41.     Maria Cardenas and her family have lived in Unit 2 of the Willow Apartments
12  since 2005.
13  42.     The Cardenas family has faced discrimination and harassment from defendants
14  and their agents because of the Cardenas family's national origin.
15  43.     On or around August 1, 2013, Ms. Cardenas asked her daughter, Maria Diaz, to
16  call Lee Management to request that Lee Management replace the carpet in their unit. Ms.
17  Cardenas asked her daughter to make the call because she (Ms. Cardenas) speaks limited
18  English. Ms. Diaz is fluent in both Spanish and English.
19  44.     On or around August 1, 2013, Ms. Diaz called Lee Management and spoke to
20  Daniel Lee. During that phone call, Ms. Diaz explained to Mr. Lee that the carpet was old and
21  could no longer be cleaned properly because of its poor condition. She reminded Mr. Lee that
22  her family had resided in the apartment for more than eight years, and that the carpet had not
23  been replaced.
24  45.     During that phone call, on or around August 1, 2013, Mr. Lee told Ms. Diaz that
25  he would not agree to replace the carpet. Mr. Lee blamed Ms. Diaz and her family for the
26  condition of the carpet. Mr. Lee said, "Mexicans live like pigs," or words to that effect.
27  46.     During the same phone call on or about August 1, 2013, Mr. Lee told Ms. Diaz
28  that her family would be evicted if they did not stop asking for repairs. Mr. Lee stated that if her

COMPLAINT; DEMAND FOR TRIAL BY JURY

1  family was unhappy, they should just leave. Mr. Lee said "I can easily get higher rent from clean
2  people who are not Mexicans," or words to that effect.
3       47.   Ms. Cardenas learned that other residents at the Willow Apartments, all of whom
4  are Latino, had experienced similar treatment and heard similar threats from Mr. Lee. Ms.
5  Cardenas and other members of her household feared and continue to fear that they will be
6  harassed, or evicted, or face other forms of retaliation by defendants for exercising their fair
7  housing rights.
8       48.   On or about August 3, 2013, Ms. Cardenas signed a letter along with other Latino
9  tenants to express her fear and upset about the treatment of Latinos at the Willow Apartments.

### C. THE TENANCY OF THE TERAN HOUSEHOLD

11      49.   Fernando Teran and his family have lived in Unit 12 of the Willow
12  Apartments since approximately 2005.
13      50.   The Teran family has faced discrimination and harassment from defendants
14  because of the Teran family's national origin.
15      51.   On or about April 29, 2013, Lee Management delivered a notice to all tenants at
16  the Willow Apartments, including the Teran family. The notice stated that Lee Management
17  increasing the Teran family's base rent from $1,595 to $1,750 per month, plus a monthly fee of
18  $85 for water and garbage, for a total of $1,835 per month.
19      52.   On or about May 3, 2013, Maria Moreno wrote a note to Lee Management to
20  complain about the continuous infestation of bedbugs and other pests. Defendants did not
21  respond and did not fumigate or treat the infestation during May or June 2013.
22      53.   On or around July 1, 2013, the Teran family paid the base rent of $1,750.
23      54.   On or around July 15, 2013, an agent of defendants, who was not a licensed
24  exterminator, sprayed for pests in apartment number 12.
25      55.   On or around August 1, 2013, Mr. Lee banged on the door of apartment number
26  12 and opened the door without the permission of anyone in the household. Mr. Teran came to
27  the door and spoke with Mr. Lee. Mr. Lee demanded full payment of rent, and yelled at Mr.
28  Teran. Mr. Lee blamed the Teran family for causing the pest infestation with poor housekeeping.

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

1   Mr. Lee said "What the fuck? I am a business man and I have to make money. This is America,"
2   or words to that effect. Mr. Lee stated, "Hispanic people are dirty. It is your fault if you have
3   cockroaches and bedbugs," or words to that effect.
4       56.   On or around the same date, August 1, 2013, Mr. Lee gave Mr. Teran a 60-day
5   notice to vacate the property.
6       57.   On or about August 3, 2013, Mr. Teran and several other tenants signed a letter to
7   Mr. Lee to express their concerns regarding the bedbug infestation, the increased utility charges,
8   and the statements made by Mr. Lee to Mr. Teran. The letter concluded by stating, "this is not a
9   problem of money[;] this is a problem of health and respect to our Hispanic community…"
10      58.   Maria Moreno and Fernando Teran have heard Mr. Lee make derogatory
11  comments based on national origin on other occasions. For example, Ms. Moreno heard Mr. Lee
12  say that the Mexican tenants in this building make complaints "as if they were legal," or words to
13  that effect.

**D. THE INVOLVEMENT OF PROJECT SENTINEL**

15      59.   In or around January 2012, Project Sentinel first received information about
16  possible discrimination at apartment buildings in East Palo Alto owned and operated by
17  defendants. As a result of the initial reports Project Sentinel received, Project Sentinel opened an
18  investigation into the defendants' business practices.
19      60.   On information and belief, all or nearly all of the residents at defendants'
20  apartment buildings in East Palo Alto, San Mateo, and Redwood City are Latino.
21      61.   On information and belief, all or nearly all of the apartments within defendants'
22  apartment buildings in East Palo Alto, San Mateo, and Redwood City are in poor condition, and
23  are lacking in basic health and safety.
24      62.   Throughout their investigation, tenants reported to Project Sentinel that
25  defendants made statements indicating discrimination against Latino tenants, including
26  threatening to call immigration authorities and claiming that Latino tenants were dirty. Tenants
27  also reported that defendants refused to make necessary repairs, threatened to evict residents who
28  complained, and demeaned tenants by yelling and calling them derogatory names.

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

63. In or around July 2013, Project Sentinel received complaints from the Teran Family alleging that defendants engage in discrimination based on national origin (Hispanic/Latino) at the Willow Apartments.

64. In or around August 2013, Project Sentinel received a complaint from Maria Cardenas alleging that Mr. Lee had called Mexican tenants "pigs" and threatened to serve her family with a three-day notice to move out if they asked for additional repairs to their unit.

65. Also, in or around August 2013, Project Sentinel received a complaint from another tenant at the Willow Apartments who alleged that defendants engage in discrimination based on national origin. The tenant, who is of Mexican descent and Latino national origin, alleged that Mr. Lee became enraged when the tenant asked for new carpet. The tenant alleged that Mr. Lee stated "don't give me any shit; you don't have a green card. All you Mexicans jumped the fence to be here. You can't do anything to me," or words to that effect.

66. As a result of defendants' discriminatory housing practices, Project Sentinel began a new campaign to educate local residents about their fair housing rights. Project Sentinel's campaign included presentations to Spanish-speaking tenants in East Palo Alto and Redwood City.

### E. ADMINISTRATIVE COMPLAINTS

67. On or around December 19, 2013, plaintiffs lodged complaints with the United States Department of Housing and Urban Development ("HUD") alleging that defendants engage in discrimination against Latinos based on their national origin. HUD accepted those complaints for filing on or around December 19, 2013.

68. Plaintiffs' complaints were pending at HUD between December 19, 2013 and October 29, 2014.

69. On or around October 29, 2014, plaintiffs voluntarily withdrew their complaints from HUD and decided to proceed with this direct court action in lieu of administrative enforcement.

### VI. INJURIES

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

1    70.     Defendants have made statements, promulgated and enforced policies, and created
2 or maintained a hostile environment for the purpose or with the effect of discriminating against
3 individuals of Mexican descent and/or those who identify as Hispanic/Latino at the Willow
4 Apartments.  Defendants continue to engage in such a pattern or practice of discrimination so as
5 to constitute a continuing violation.

6    71.     By reason of defendants' unlawful acts and practices, plaintiffs have suffered
7 economic damages, violation of their civil rights, emotional and physical distress, humiliation
8 and mental anguish, breach of the covenant of quiet enjoyment of their dwellings, and invasion
9 of the private right of occupancy.  Plaintiffs, therefore, are entitled to compensatory damages.

10   72.     Defendants have deprived the individual plaintiffs of full and equal treatment in
11 the operation of the Willow Apartments, a business establishment within the meaning of the
12 Unruh Act. The individual plaintiffs, therefore, are entitled to statutory damages.

13   73.     In addition, defendants' discriminatory housing practices have caused plaintiff
14 Project Sentinel economic damages by diverting its limited resources and frustrating its mission.
15 In performing the acts of which plaintiffs complain, defendants and their agents and employees
16 acted with reckless disregard for plaintiffs' civil rights.  Accordingly, all plaintiffs are entitled to
17 punitive damages.

18   74.     There now exists an actual controversy between the parties regarding defendants'
19 duties under the federal and state fair housing laws.  Accordingly, all plaintiffs are entitled to
20 declaratory relief.

21   75.     Unless enjoined, defendants will continue to engage in the unlawful acts and the
22 pattern or practice of discrimination described above.  Plaintiffs have no adequate remedy at law.
23 Plaintiffs are now suffering, and will continue to suffer, irreparable injury from defendants' acts
24 and pattern or practice of discrimination based on national origin unless relief is provided by this
25 Court.  Accordingly, all plaintiffs are entitled to injunctive relief.

## VII.  CLAIMS

### A.  FIRST CLAIM FOR RELIEF

**[Fair Housing Act]**

COMPLAINT; DEMAND FOR TRIAL BY JURY

12

76. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

77. Defendants have injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. § 3601 *et seq*.

### B. SECOND CLAIM FOR RELIEF

**[Civil Rights Act of 1866, 42 U.S.C. § 1981]**

78. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

79. Defendants have injured plaintiffs by depriving them of full and equal rights and benefits under the law based on their race, color, or ethnicity, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

### C. THIRD CLAIM FOR RELIEF

**[Civil Rights Act of 1866, 42 U.S.C. § 1985]**

80. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

81. Defendants have injured plaintiffs by conspiring to deprive them and other Latinos of the equal protection of the laws, or of equal privileges under the laws, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1985 (3).

### D. FOURTH CLAIM FOR RELIEF

**[California Fair Employment and Housing Act]**

82. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

83. Defendants have injured plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, California Government Code § 12955, *et. seq*.

### E. FIFTH CLAIM FOR RELIEF

**[California Unruh Civil Rights Act]**

**[All plaintiffs except Project Sentinel vs. All defendants]**

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

84. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

85. Defendants have injured plaintiffs by committing unlawful practices in violation of the Unruh Civil Rights Act, California Civil Code § 51, *et. seq.*

### F.  SIXTH CLAIM FOR RELIEF

### [Unfair Business Practices]

86. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

87. In acting as herein alleged, defendants have engaged in a pattern or practice of unlawful discrimination in the operation of the Willow Apartments, which is a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in § 17200 of the Business and Professions Code.

88. In bringing this action for relief, plaintiffs are acting in the interest of themselves and the general public pursuant to section 17204 of the California Business and Professions Code.

### G. SEVENTH CLAIM FOR RELIEF

### [Breach of the Implied Covenant of Quiet Use and Enjoyment]

### [All plaintiffs except Project Sentinel vs. All defendants]

89. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

90. Plaintiffs had and have an implied right to the quiet use, enjoyment, and possession of their units at the Willow Apartments.

91. Defendants owed a duty under Civil Code § 1927 to secure to each plaintiff the quiet use and enjoyment of their dwellings, which included preventing sustained and substantial interference with the plaintiff's use and enjoyment of their dwellings and the amenities at the Willow Apartments.  By engaging in the unlawful conduct alleged herein, defendants have breached the implied covenant of defendants' breach of that covenant.

92. As a result of defendant's actions, plaintiffs lost valuable property interests in the

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

safe and quiet enjoyment of their homes.

93. As a result of defendants' breach of the covenant of quiet enjoyment, plaintiffs have suffered injuries alleged herein and are entitled to damages in an amount according to proof.

### H. EIGHTH CLAIM FOR RELIEF

### [Harassment]

### [All plaintiffs except Project Sentinel vs. All defendants]

90. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

91. Defendant Daniel Lee engaged in acts directed at plaintiffs which seriously alarmed, annoyed and harassed plaintiff and which served no legitimate purpose.

92. Defendants course of conduct would have caused any reasonable person to suffer substantial emotional distress.

93. Plaintiffs suffer and continue to suffer substantial emotional distress because of defendants' actions as set forth above.

94. Defendants did the acts alleged herein maliciously, fraudulently, and oppressively, and with the wrongful intention of hurting plaintiffs, and with an improper and evil motive amounting to malice. Plaintiffs are thus entitled to recover punitive damages in an amount according to proof.

### I. NINTH CLAIM FOR RELIEF

### [Negligence]

95. Plaintiffs reallege and incorporate by reference each and every allegation contained in all previous paragraphs as though set forth in full herein.

96. Defendants owed plaintiffs a duty to operate the Willow Apartments in a manner that was free from unlawful discrimination and in accordance with the standards of care for the industry. Defendants negligently violated that duty. Defendants' breach of that duty was the result of negligence, including but not limited to:

    a. Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

     b.     Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

     c.     Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws;

     d.     Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws; and,

     e.     Defendants' negligent failure to operate the Willow Apartments in accordance with the standard of care of the industry.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment as follows:

1. For a permanent injunction prohibiting defendants from continuing all unlawful practices complained about herein and imposing affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of national origin.

2. For a judicial declaration that defendants discriminated against plaintiffs on the basis of national origin in violation of the federal Fair Housing Act, the California Unruh Civil Rights Act, and the California Fair Employment and Housing Act.

3. For an award of compensatory, statutory, and punitive damages according to proof.4.

4. For reasonable attorneys' fees and costs.

5. For such other and further relief as this Court deems proper.

Dated: April 29, 2015

          Respectfully submitted,

          BRANCART & BRANCART
          MILLS COMMUNITY LAW CLINIC

          /s/ Liza Cristol-Deman
          Liza Cristol-Deman
          Brancart & Brancart
          Attorney for Plaintiffs

**COMPLAINT; DEMAND FOR TRIAL BY JURY**

## IX.  JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand trial by jury.

Dated:  April 29, 2015.

        Respectfully submitted,

        BRANCART & BRANCART
        MILLS COMMUNITY LAW CLINIC


        /s/ Liza Cristol-Deman
        Liza Cristol-Deman
        Brancart & Brancart
        Attorney for Plaintiffs

**COMPLAINT; DEMAND FOR TRIAL BY JURY**